RICHLEY, DIR. OF TRANSPORTATION, STATE OF OHIO, *v.* CROW ET AL.

(No. 808436—Decided February 13, 1975.)

Court of Common Pleas of Cuyahoga County, Probate Court Division.

*Mr. David E. Lowe*, assistant attorney general, for plaintiff.

*Mr. J. Harvey Crow, pro se.*

DONAHUE, Referee. This matter came on to be heard on the motions by the property owner to dismiss the amended petition and for restraining order. Briefs have been submitted by the parties.

*Issue*

The only issues presented by the above motions concern the right and authority of the state of Ohio to appropriate a portion of the owner's property as described in the amended complaint. This court is asked to determine whether or not the United States Highway Beautification Act, under which this appropriation is being processed, is constitutional under federal and state law.

*Findings of Fact*

On July 12, 1973 a complaint for appropriation was filed by the state of Ohio, Department of Transportation, for appropriation of "all right, title, and interest in fee simple required for the construction and maintenance of a scenic view area upon the land described along and adjacent to said highway."

On November 30, 1973, pursuant to order of court, an amended complaint was filed by the plaintiff containing the above language but in addition making certain allegations to comply with Section 131, Title 23, U. S. Code, and R. C. 5531.07.

The amended complaint states that the appropriation is necessary for highway purposes and also for the construction and maintenance of a scenic view area for the improvement of Interstate Route 77, Section 0.94-S.1. in Cuyahoga County.

Service of summons was properly made upon all defendants and answers filed, except by the property owner, J. Harvey Crow. The owner has filed the above motions which are now before the court for determination.

The court further finds that the property being appropriated is outside the physical boundaries of Interstate 77 but adjacent thereto.

The parties have stipulated that there are no plans to place a highway on the subject parcel.

The court finds that at the present time no billboards or other structures are located on the described land, nor has the state of Ohio entered into physical possession of the subject premises.

*Conclusions of Law*

On December 7, 1971, the following statute became effective:

"The Director of Highways may enter into agreements with the Secretary of Transportation or other appropriate official of the United States as provided by the 'Highway Beautification Act of 1965,' 79 Stat. 1028, 23 U. S. C. A. 131, and any amendments thereof or supplements thereto. [R. C. 5531.07]

"* * * *"

The property owner's principal argument is that there is no authority for the state of Ohio to take his property by eminent domain and that by the filing of this action his property is being taken without due process of law and in violation of the United States and Ohio Constitutions.

The United States Congress, in 1965, by enactment of Section 131 *et seq.*, Title 23, U. S. Code, declared the national public policy of controlling the use of areas of land adjacent to the United States highway system in order to "protect the public investment in such highways, to promote the safety and recreational value of public travel and to preserve natural beauty." The act also provides methods of funding and agreement with the several states to put into effect the provisions of the act.

The United States Supreme Court, in 1954, stated that once the public purpose is established [by the Legislature], the amount and character of the land to be taken for the project and the need for a particular tract to complete the integrated plan rests in the discretion of the Legislature. The court further said that the rights of the property owner are protected as long as the act provides him just compensation for the taking of his property. *Berman* v. *Parker* (1954), 348 U. S. 26.

The principle under discussion herein is one dealing

with artistic or aesthetic use, as opposed to physical use. A modern view is toward recognition of aesthetics justifying the exercise of eminent domain; however, the Ohio Constitution, like that of most states, does not authorize the taking of private property by eminent domain unless it is for a public purpose and use. Article I, Section 19.

A scenic use is not a material use by the state, but is a restriction upon the property owner in his complete enjoyment of the property under existing or future zoning by the local council or legislative body.

Without any further and lengthy discussion of this matter the court determines the proposed acquisition by the state of Ohio of the land described herein for a scenic easement is for a public purpose and use and is constitutional under the federal and Ohio Constitutions. In this connection see *Berman* v. *Parker, supra*; *Kamrowski* v. *State* (1966), 31 Wis. 2d 256; 2A Nichols on Eminent Domain (3 Ed.), Section 7.516; 17 Buffalo Law Review 701.

The property owner's motion for restraining order is directed to plaintiff's declaration of intention to take possession which was filed with the original petition. The amended petition for appropriation does not contain such a declaration so therefore the motion of defendant, J. Harvey Crow, is dismissed.

*Motion dismissed.*

## JUDGMENT ENTRY

Locher, J.  This matter came on to be heard on the 14th day of March 1975 pursuant to Civil Rule 53(E) on the report and decision of the referee to whom this matter was submitted according to law.

The court finds that no objections to the report have been filed and therefore it is ordered that said report be and is hereby adopted and confirmed as the decision of the court.

It is further ordered pursuant to R. C. 163.22 that this case be placed on the court's active trial list.